**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| NURBEK AITIEV, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-997-R |
| | ) | |
| CHRIS GANTT, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 asserting that his continued detention by U.S. Immigration and Customs Enforcement violates the Immigration and Nationality Act and his Fifth Amendment Due Process rights. As relief, he seeks immediate release from custody or, alternatively, a prompt, individualized custody hearing before a neutral decisionmaker. The matter was referred to United States Magistrate Judge Chris M. Stephens who issued a Report and Recommendation [Doc. No. 14] recommending that the Court grant the Petition and order Respondents to release Petitioner. Respondents filed a timely Objection [Doc. No. 15] to which Petitioner replied [Doc. No. 16], triggering de novo review of those portions of the Report to which a specific objection is made. 28 U.S.C. § 636(b)(1); FED R. CIV. P. 72(b)(3).

Petitioner is a citizen of Kyrgyzstan. On May 5, 2023, Petitioner presented himself for inspection at a port of entry in California and was granted humanitarian parole, valid until May 3, 2024, pursuant to 8 U.S.C. § 1182(d)(5), which provides that DHS may

temporarily parole into the United States a noncitizen "for urgent humanitarian reasons or significant public benefit." On May 29, 2025, DHS served Petitioner with a Notice to Appear that designated him as an arriving alien subject to removal under 8 U.S.C. § 1182(a)(7)(B)(i). Petitioner was re-detained on April 27, 2026, during a traffic stop.

In his Petition, Petitioner asserts that his detention should be governed by 8 U.S.C. § 1226(a) rather than 8 U.S.C. § 1225(b), the termination of his parole was unlawful because he had no notice or opportunity to contest it, and his re-detention without a hearing violates his right to due process. In his Report, Judge Stephens concludes that termination of Petitioner's parole without written notice, explanation, or opportunity to contest it violated ICE regulations and Petitioner's Fifth Amendment Due Process rights.

Respondents object, arguing this Court lacks jurisdiction to review the revocation of Petitioner's parole. Because this Court limits its ruling to the issue of which INA provision governs Petitioner's detention, it declines to rule on the jurisdictional issue as it relates to the review of Respondents' parole revocation procedures. Here, Petitioner challenges the statutory basis for his detention, an issue this Court and many others have determined is properly before the federal district court. Respondents do not appear to object to this Court's jurisdiction over this particular statutory issue.

In their Objection, Respondents argue that § 1225(b)(1), which provides for expedited removal and mandatory detention of noncitizens in certain situations, governs Petitioner's detention. Respondents assert the parole of an arriving noncitizen and subsequent residence in the United States cannot change a noncitizen's status, and that once

2

a noncitizen's parole is terminated, they return to the status they held at the time of their parole—in this case, an "arriving alien" subject to mandatory detention under § 1225(b)(1).

The Court is not persuaded by Respondents' theory that Petitioner retains his status as an "arriving" noncitizen subject to mandatory detention under § 1225(b) irrespective of the fact that Petitioner was released and allowed to live in the country for several years. Courts in this district and others have rejected this theory. *See Drozdov v. Lyons*, No. CIV-26-365-SLP, 2026 WL 1470929, at *2 (W.D. Okla. May 26, 2026) (finding "revocation of parole under § 1182(d)(5) does not render a noncitizen in Petitioner's circumstances subject to detention under § 1225(b)(1)") (collecting cases); *Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *3 (W.D. Okla. June 29, 2026) ("Petitioner's current detention is not part of the inspection process, nor does it arise from an attempted entry at a port of entry. . . . Accordingly, consistent with the growing body of authority addressing this issue, the Court concludes that Petitioner's present detention is governed by § 1226(a), not § 1225(b)(1)."); *Singh v. Mullin*, No. CIV-26-601-SLP, 2026 WL 1661971, at *2 (W.D. Okla. June 9, 2026) (concluding that "1225(b)(2) does not apply in circumstances, like Petitioner's, where the noncitizen has resided in the country for several years before their parole is revoked"); *Kumar v. Johnson*, No. CIV-26-352-J, 2026 WL 937560, at *2 (W.D. Okla. Apr. 7, 2026) (rejecting respondents' argument that termination of petitioner's parole via issuance of a Notice to Appear caused his status to revert to that of an applicant for admission under § 1182(d)(5)(A) and finding § 1226(a) governed petitioner's detention); *Saidi v. Lyons*, No. CIV-26-738-J, 2026 WL 1181076, at *4 (W.D. Okla. Apr. 30, 2026), report and recommendation adopted in part, rejected in part, No. CIV-26-738-J, 2026 WL

3

1333410 (W.D. Okla. May 13, 2026) (finding noncitizen's "detention is governed by § 1226(a) because expiration or revocation of parole under § 1182(d)(5)(A) does not convert his status to an 'applicant for admission' who is 'seeking admission'"); *Capote Zamora v. Mullin*, No. 26-CV-00538-PAB, 2026 WL 1026810, at *3 (D. Colo. Apr. 16, 2026) (concluding that "regardless of whether petitioner was detained pursuant to § 1225(b)(1) or § 1225(b)(2) upon his initial entry into the United States, petitioner's detention did not revert back to § 1225 when his parole was terminated"). Because Respondents have not shown that § 1225(b) applies, the more general provisions of § 1226 govern Petitioner's detention.

The Report found that Petitioner has a protected liberty interest in remaining free from detention and he was deprived of his protected status when Respondents revoked his parole in violation of their own regulations. Respondents dispute both that they violated their own regulations and that any such alleged transgressions rise to the level of a constitutional violation. Upon de novo review, the Court agrees with the Report insofar as it concludes that Petitioner has a protected liberty interest in remaining out of custody. His continued detention without any meaningful opportunity to be heard violates his due process rights. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects."); *Trump v. J. G. G.*, 604 U.S. 670, 673 (2025) (quotation marks and citations omitted) ("It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings. So, the detainees are entitled to notice and opportunity to be heard appropriate to the nature

4

of the case."); *Flores v. Leyva*, No. 4:26-CV-00060-DN-PK, 2026 WL 1830958, at *13 (D. Utah June 25, 2026) ("The Supreme Court has held that a protected liberty interest may arise from a conditional release, like parole, from physical restraint.").

Last, the Court considers the amount of process due to Petitioner and the appropriate remedy. Respondents object to any relief at all, asserting § 1225(b)(1) mandates Petitioner's detention. Though Petitioner seeks his immediate release in his reply to the Government's Objection, the Petition notably requested either immediate release or a prompt bond hearing. On this point, the Court finds that a bond hearing is the proper remedy. Generally, when "§ 1226 governs Petitioner's detention, the due process owed to Petitioner is that provided for in § 1226—namely, an individualized bond hearing before an IJ." *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025); *Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709, at *17 n.13 (10th Cir. June 30, 2026) ("Because Santillan Quiroz can properly be subject to detention under § 1226(a), though, the district court shall order the Government to, within seven days of such order, either provide him with a bond hearing or else release him."); *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) may receive bond hearings at the outset of detention."); *Maldonado v. Noem*, No. CIV-25-1379-J, 2026 WL 160950, at *3 (W.D. Okla. Jan. 21, 2026) ("Noncitizens detained under § 1226(a) are generally entitled to a prompt bond hearing before an immigration judge."). "A bond hearing before a neutral immigration judge will provide immense value as an additional safeguard" and will afford Petitioner "the process he is due under the statute."

5

*Montero Cordova v. Noem*, No. 1:26-CV-00526-KWR-DLM, 2026 WL 867689, at *9-10 (D.N.M. Mar. 30, 2026).[1]

Accordingly, the Report and Recommendation [Doc. No. 14] is ADOPTED to the extent it finds habeas relief necessary. The Petition for Writ of Habeas Corpus [Doc. No. 1] is GRANTED in part and Respondents are directed to provide Petitioner with an individualized custody determination hearing before a neutral decisionmaker within seven days of the date of this order.[2] Respondents shall certify compliance by filing a status report.

IT IS SO ORDERED this 23rd day of July, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[1] Because the Court grants Petitioner the relief he seeks pursuant to his INA claim, it declines to rule further upon his other claims.

[2] "At this point in time, no immigration judge has conducted a bond hearing in Petitioner's case, much less allocated the burden of proof or applied the particular facts of this case to that evidentiary framework." *Singh v. Grant*, No. CIV-26-279-J, 2026 WL 1035100, at *2 (W.D. Okla. Apr. 16, 2026). Although Petitioner is entitled to a custody determination hearing, the Court declines to prospectively specify or alter the burden of proof at this stage. *Id. See also Rangel v. Mullin*, No. CIV-26-568-D, 2026 WL 1625653, at *2 n.2 (W.D. Okla. June 5, 2026) ("At this time, the Court declines to place the burden on the government to justify Petitioner's detention pending removal proceedings.").